a judgment entered on an order granting respondents' motion for summary judgment dismissing the complaint. Judgment unanimously affirmed, without costs. The Board of Fire Commissioners had the power and discretion to approve the recommendation of the Board of Officers and to dismiss appellants for absenteeism at fires and meetings, without serving charges on appellants and without granting them a hearing (General Municipal Law, § 209-1; Town Law, § 176, subd. 11; Rules & Regulations of Bd. of Commrs. of Westbury Fire Dist., art. VI; see, e.g., *Matter of Marks* v. *Gombert*, 225 App. Div. 876, affd. 251 N. Y. 542). We do not pass on the issue as to whether appellants were barred from relief because they did not institute an article 78 proceeding and did not institute the instant action within four months after their dismissal. We do not determine whether a volunteer member, who was dismissed for absenteeism at fires and meetings without a hearing and without charges being served on him, has an adequate remedy by an article 78 proceeding or whether he has any remedy at all by an article 78 proceeding (see General Municipal Law, § 209-1; cf. *Colodney* v. *New York Coffee & Sugar Exch.*, 4 A D 2d 137, affd. 4 N Y 2d 698). Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

 In the Matter of the Judicial Inquiry Pursuant to the Order of the Appellate Division of the Supreme Court of the State of New York for the Second Department. Anonymous "N", Appellant; DENIS M. HURLEY, as Counsel for the Judicial Inquiry, Respondent.— Appeal from an order of an additional Special Term of the Supreme Court appointed by this court under an order directing a judicial inquiry and investigation with respect to the improper practices and abuses by attorneys in Kings County and by persons acting in concert with them. The order appealed from (1) denied a motion made by appellant, a witness who is also a physician, to vacate and rescind the oral order or direction of the Justice conducting the judicial inquiry that appellant produce all his records relating to designated patients upon his return at a future date, and (2) directed appellant to appear on a specified date in order to resume his testimony and to bring with him at that time all those records which he had previously been instructed to produce. Order affirmed, without costs. (Matter of Judicial Inquiry [Anonymous "P"], 8 A D 2d 842.) Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

 In the Matter of the Judicial Inquiry Pursuant to the Order of the Appellate Division of the Supreme Court of the State of New York for the Second Department. Anonymous "P", Appellant; DENIS M. HURLEY, as Counsel for the Judicial Inquiry, Respondent.— Appeal from an order of an additional Special Term of the Supreme Court appointed by this court under an order directing a judicial inquiry and investigation with respect to the improper practices and abuses by attorneys in Kings County and by persons acting in concert with them. The order appealed from (1) denied a motion made by appellant, a witness who is also a physician, to vacate and rescind the oral order or direction of the Justice conducting the judicial inquiry that appellant produce all his records relating to designated patients upon his return at a future date, and (2) directed appellant to appear on a specified date in order to resume his testimony and to bring with him at that time all those records which he had previously been instructed to produce. Order affirmed, without costs. Pursuant to a subpœna directing him to appear and testify before said judicial inquiry, appellant appeared and gave certain oral testimony. He agreed to return at a future date with his records of certain cases. It appears that he was requested to bring the records to help refresh his recol-